# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 5:17-CR-1 (LAG) |
| | : | |
| ANTONIOUS G. LOCKHART, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

On January 30, 2023, the Eleventh Circuit issued an Opinion remanding the above-captioned case for a factual determination regarding the timeliness of Defendant's appeal. (Doc. 100).

On December 4, 2017, Defendant Antonious G. Lockhart was sentenced to one hundred twenty (120) months of imprisonment, followed by a three-year term of supervised release, after pleading guilty to Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2). (Docs. 68, 82, 87). At sentencing, the Court denied the Defendant's request to impose the federal sentence to run concurrently to the parole revocation sentence he was serving in Putnam County Superior Court Case 09CR00146, and directed that the sentence run consecutively to that sentence. (Doc. 101 at 10:17–12:15). On March 8, 2022, Defendant filed a Motion Under 18 U.S.C. § 3585(b) and USSG § 5G1.3(b) seeking credit towards his federal sentence for time spent in confinement beginning on December 2, 2015. (Doc. 90). The Court denied Defendant's Motion on April 13, 2022. (Doc. 93). Defendant filed a Notice of Appeal on May 23, 2022. (Doc. 94). On January 30, 2023, the Court of Appeals remanded this case "to the district court to determine, as a factual matter, whether [Defendant] Lockhart's notice of appeal was timely." (Doc. 100 at 4). The Eleventh Circuit further stated, "if the district court determines that Lockhart did not timely deliver the notice of appeal to prison authorities, it must also determine whether the delay was caused by either good cause or excusable

neglect because the postmark date on the notice of appeal falls within the 30-day extension period that would have begun to run on April 27, 2022." (*Id.*).

Ordinarily, a criminal "defendant's notice of appeal must be filed in the district court within 14 days after. . . the entry of [] the judgment." Fed. R. App. P. 4(b)(1)(A)(i). A district court may, however, "[u]pon a finding of excusable neglect or good cause. . . extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Johnson v. Sec'y, Fla. Dept. of Corr.*, No. 22-12002, 2023 WL 1466599, at *1 (11th Cir. 2023) (quoting *Jeffries v. United States,* 748 F.3d 1310, 1314 (11th Cir. 2014) (other citation omitted)). "Absent contrary evidence, such as prison logs or other records, we assume that a prisoner delivered a filing to prison authorities on the day when the prisoner signed it." *Id.* (citing *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Here, the deadline for Defendant to submit the Notice of Appeal was April 27, 2023, fourteen days after the Court entered its Order on Motion to Receive Credit for Time Served. (*See* Docket; Doc. 93). Defendant's Notice was postmarked on May 19, 2022 and docketed on May 23, 2022. (Doc. 94-1; *see* Docket). Defendant signed but failed to date his Notice.[1] (Doc. 94). The Government responded on August 19, 2022. *United States v. Lockhart (Lockhart II)*, No. 22-11791, (Doc. 11) (11th Cir. Aug. 19, 2022). Defendant filed a Reply on September 1, 2022. *Lockhart II*, No. 22-11791 (Doc. 14).

In its Response to the Appeal, the Government argued that the appeal should be dismissed as untimely. (Doc. 100 at 2). Defendant asserts that "the notice of appeal was placed in the prison mail box on Wednesday, April 21, 2022. It was therefore, mailed on time." *Lockhart II*, No. 22-11791 (Doc. 14 at 2). The only evidence that the Government offered to the contrary was "the postmark date on the front of the envelope—May 19." *Id.*, (Doc. 11 at 19). The Government admitted, however, that "[a] postmark evidences that the envelope was accepted into the U.S. Postal System, but it does not necessarily establish

---

[1] The typed Notice includes the following date line: "April ____, 2022;" but Defendant failed to write in the actual date. (*See* Doc. 94).

when the notice was 'deposited in the institution's internal mail system,'. . . which is the critical date." *Id.*, (Doc. 11 at 19 n.5) (quoting Fed. R. App. P. 4(c)(1)) (other citation omitted). As noted by the Court of Appeals, "[t]he burden is on the Government to prove the motion was delivered to prison authorities on a date other than the date the prisoner signed it." *Jeffries*, 748 F.3d at 1314.

In light of the Government's burden, the Government is hereby **ORDERED** to file a brief responsive to the issues raised in the Eleventh Circuit Opinion by June 27, 2023. Defendant may file a Reply to the Government's brief within **fourteen (14) days**.

**SO ORDERED**, this 13th day of June, 2023.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**